Good morning, Your Honors. May it please the Court, my name is Joshua Furman. I represent the Plaintiff and Appellant Jeffrey Herson in this case. Your Honors, to start with, there's an issue about standard of review that I'd like to address. In our briefing, we indicated that standard of review in this case should be de novo. This is essentially, although the court, the trial court in dismissing the case did not cite specific authority, it's essentially a ruling on the pleadings, a Rule 12 motion. The standard of review is typically de novo in that case. There's a point made that because this was on subject matter jurisdiction, that the city would contend that there is a clearly erroneous standard. We would point out that that's only as to factual determinations that were made by the trial court. Otherwise, we're still- I'm curious, thank you very much, but do we have jurisdiction in this case? And the question now pertaining to whether or not we have jurisdiction in Reno 2, the second case? Well, was the second case that you filed in Reno 2 basically an amended complaint of what was here? It was not. How was it different? The case in the second case that's filed, which is also on appeal but now stayed, was based on a completely different sign code. When Reno, after the first case was filed, Reno changed their code. That code had different defects. The lawsuit that was filed in that case was to challenge those different defects. They're not related to the defects that are challenged in this case. Can I ask you about the issue that we asked for supplemental briefing, which is the business license? Is it the case that your client did not have a business license at the point when the first complaint was filed? Yes, that is correct. Our client did not have a business license at the time that was filed. Was there anything in the record before the district court that indicated that? Not that I am immediately aware of, Your Honor. Okay, so that wasn't really raised until the second case? That's correct. That's correct. The first case was entirely dealing with the issues that we're talking about now, futility, whether a permit application was even necessary to start with. The business license issue was only addressed in the second case. Okay, so now I know you argue that the business license ordinance itself was facially unconstitutional in your supplemental briefing. But we've held that unless it has a close nexus to speech, you can't make that sort of facial challenge. So is that a facial challenge that you're making to the business license? And how would that be cognizable? In that respect, there is a facial challenge that's being made to the business license. I'm not sure that's necessarily before the court on this appeal. I understand the court did ask for supplemental briefing on it. We would also point out that it's not clear that the business license would apply to the kind of speech that we were attempting to put on a sign. Well, but just a minute. In your complaint, you state, he intends to earn income by displaying speech on a portion of each face of the sign or which speech Hurston will receive payments from others. On the remaining portion of each face, Hurston will display off-premises, non-commercial speech. Doesn't seem to me that the act of getting payment from others to display speech is anything but a business. That was your allegation. Absolutely. If it's a business, it requires a business license. So I couldn't make any heads or tails of what you argued. I mean, you went for a different idea, but I think it's very straightforward, right on the face of it, about making, getting some business, receiving payments from others. Absolutely correct, Your Honor. So then your argument is somewhat spurious about the business license is not needed. Two points, Your Honor. First of all, the speech that was initially being placed on the sign was simply political speech. Well, now, just a minute. That isn't what your complaint suggests. Your complaint is what I read, not what you tell me here. It intends to earn income by displaying speech on a portion of each face, of which Hurston will receive payments from others. That's right there. Correct. Correct. Just trying to get rid of the complaint on appeal? Not at all, Your Honor. We would like the complaint to be heard fully in the trial court, obviously. Well, I guess that's the reason I'm having a tough time. Well, so there's a couple of issues there. I mean, first of all, yes, there is a business license issue that we recognize down the road in order to attain, at least in order to, on its face, have standing for certain elements of the claims that are being made, particularly monetary damages. That's not the only issue that's there, and it's not clear that we had to have a business license prior to applying for a signed permit. These are separate regulatory schemes, and they each have their own purposes. Well, all right. Let me move forward. I want to follow up on Judge Murkia's question. I'm still trying to determine why you say that the case that you filed since is not just the same case again. And I want to hear what you have to say, because just filing something else or alleging different types of, if you will, complaints with the ordinance is not enough to make that happen. That's just an amended complaint, which could have been filed because the dismiss was granted. And so I still haven't got a good answer. Why is this not the second case? Seems to me we just don't have any jurisdiction here. There's nothing in the facts of the second case that would have had to have been brought in that first case. It doesn't have anything to do with the facts of the second case. If you can amend the complaint of the first case and allege facts as stated in the second case and the first case, then I'm having a tough time. Why? I have jurisdiction over something that's continuing. The trial court didn't hold it that way, first of all. That's not the way. I guess I want you to focus in on that, because it seems to me that's the only way you get rid of that problem. What did the trial court do that would suggest I have any jurisdiction in this case? The trial court dismissed the case. The only indice... No, that doesn't make it. It didn't dismiss. He dismissed without prejudice. That's the only... We're looking at the indices of what is a final judgment. The only thing that would count against being a final judgment in that case that would be appealable is that without prejudice. You've always had the dismissal. So what else have you got? You said the only thing. What else have you got? What else says to me that this is, in fact, not the same case? That case was dismissed on subject matter jurisdiction on a matter that is not in the second case. That was not something that was raised in the second case, and that was not the way the second case was ruled upon. What did the trial court do that would suggest this is not the same case you had in the second case? Besides dismiss without prejudice, which would suggest it is the same case. The other thing I would point to is the way the judge ruled on motions for dismissal was honored. What's happening to the second case? That second case is before this court, stayed pending this appeal. Before this court stayed or in mediation? No, my understanding is that the briefing is presently stayed pending this appeal, not in mediation. I would move to one last issue because there's an issue about whether the fact that the pleading says height and size in the maximum amount allowed by the city, if that's a sufficient pleading. We point to Lujan versus Defenders of Wildlife, where it says that on a Rule 12b motion, the facts in the complaint must be deferred to by the trial court, and the court must, quote, presume that general allegations embrace those specific facts that are necessary to support the claim. On that basis, we would say that's a sufficient pleading. Well, I guess I'm worried since you bring that up. It seems to me that the best I have here is a desire from your client to construct signs prohibited by the regulation. I read through the complaint, I read through everything that I have here, and the best I have is a desire to do it. Now, Lujan says directly that does not support the finding of actual or imminent injury. So, I guess utility doesn't excuse indispensable requirements of Article III standing. That's also in Lujan. I'm having a tough time understanding why this even gets there. I would direct the court to the Susan B. Anthony List case and the subsequent holding of this court in Sturgeon, which we filed the letter of supplemental authorities for, which indicates that, yes, a desire, a stated desire to do something that's arguably protected by a constitutional right, which is reasonably banned by the state action, is an actionable injury. And thank you. You're over time, but we'll give you that for rebuttal. Thank you, Your Honor. Thank you. Good morning, Your Honors. Jonathan David Shipman for the Appellee, City of Reno. Let me pick up on kind of the line of questioning that was discussed a moment ago. I think what the whole business license issue kind of illustrates is that the complaint has been moving around. It's as though, you know, we have it set with here are hypothetically this is how it's going to be pled, and then, you know, at a later date when there appears to be a problem with it. Did you raise the business license issue in the first complaint? Is there anything in the record indicating that Mr. Hurson didn't have a business license? Your Honor, the business license issue, as far as I understand, was raised in the Hurson II case. Okay. So is there any case that suggests that we can look to let's assume it's an independent complaint, an independent case, and not a continuation, which if it were a continuation, we would lack jurisdiction. Correct. But it's an independent case. Is there any case, any precedent in our circuit or anywhere that would say we could affirm the district court on a fact that came up in some other case that the district court adjudicated that he lacked a business license when it hasn't been briefed or raised or spoken to by the district court in our case? So what precedent would allow us to look to that? I didn't see how judicial estoppel, which is what you had in the brief, was applicable here. You couldn't see how it was applicable? Right. Because he didn't claim, oh, I have a business license, and then wants to change his mind, say, and argue something else. That's a different type of theory. I mean, I would argue that the admission that he didn't have a business license, and it talked about in the order, that that, in fact, was an undisputed fact, and the court, in fact, adopted that in the Herson 2 case as a basis for dismissing that case. I think that is something that, again, this court can take judicial notice of. But a case. Do you have a case that supports that? I understand your argument. Oh, the Stevens v. Stevens Technical Services, Inc., v. S.S. Brooklyn, 885 Federal 2nd, 582, 9th Circuit. And what did that hold? Again, that was looking at the notion of judicial estoppel, and we have the minority and the majority view. The majority view talks about that, you know, judicial estoppel is appropriate. If a court actually adopts a statement of a party and then bases its ruling on that, the minority view talks about how. But that's not the case with this district court. I mean, we can affirm the district court on any basis in the record, even if it got its analysis wrong. But this fact was not in the record. So I'm just struggling with how we can look to what happened in some separate, independent case. I think exactly. I mean, that's exactly the problem in this case, because there was never a permit that was tendered to the city to review. At most, what we had, we had an offhand conversation with a non-supervisory employee. And so all of these, and this is the difference, you know, in the court talks about the Madsen case. away from the business license issue, is that? Yes. Moving to the standing issue. We don't have a case on the business license issue. So moving back to the district court, Mr. Herson argues in essence that he was chilled by this unconstitutional ordinance, and there are many cases that say being chilled from doing your speech is sufficient for standing. That's a sufficient injury, in fact. That's Convoy, and our most recent case in Kahumanu v. Hawaii, and Lake City of Lakewood v. Plain Dealer. So his claim is his speech was chilled, and the case law says that's sufficient for standing. So why wasn't it sufficient here? You still have to go through the Lujan analysis. You still have the provision. He's got an injury, in fact, which is the chilling, as our cases have held. And it's redressable if the court says the ordinance is unconstitutional. So what's the problem with his standing, assuming the business license is out? Well, the problem with standing, again, is I think the Madsen decision. We're looking at that one. This is, again, a land-use decision. But we're in the First Amendment world here, where we have a relaxed standing requirements. So all the cases you cited were outside of the First Amendment context. What do I do with City of Lakewood v. Plain Dealer? It says you can challenge it facially without the necessity of first applying for and being denied a license. And multiple cases say that. I think the difference between, say, the Lakeview scenario and our scenario is a billboard is a very different animal than, say, you know, a newspaper rack. A billboard has physicality. It's bigger. It's much bigger. We wouldn't be having this conversation if what they were trying to get was a book permitted. Because a book certainly is not — does not have the physicality that a billboard has. A billboard at a certain level is something that you can't ignore. It's built to distract. It's built to get a message across. So is there a case that says in order to bring a facial challenge against an unconstitutional billboard ordinance, you first have to apply for a license? Because I didn't see one cited in your papers. Say that — so that the — that contrary to other First Amendment contexts, there's a different rule for billboards. That in order to get a — to have standing to challenge an unconstitutional sign ordinance, you first have to apply for and be denied a license. Is there a case that says that? There isn't a specific case. Again, I refer you to the Madsen case. I think this is an area of developing law, quite frankly, because I think what we have here is the First Amendment in land use coming together, which is a very — you know, land use has many, many components to it. Land use is a very — the analysis on any particular physical thing that you're building has got to be viewed in a number of different specs — height, size, location, all of that sort of thing. You don't have that in the majority of First Amendment cases. You have, you know, for instance, a book, a leaflet, a handbill. Those don't invoke the same types of physicality that, say, a billboard does. What about a newspaper rack? The same argument was made in the City of Lakewood, and they said it doesn't make a difference. In the City of Lakewood, again, I would argue that a newspaper rack, again, is not, from a physicality standpoint, you know, the same thing or equivalent to a billboard. You know, a newspaper rack, you can walk across — walk right by it and not even see it. A billboard, on the other hand, is built and designed for it to be seen, for it to distract, for it to catch your attention. So I think — I think this is a very good area for the courts to be looking at right now because of the nature of this speech and the medium of this speech. And I think — so with Mattson, we're looking at, and with Goutei, you know, the court in the Ninth Circuit has said, hey, you do need to file a permit because of all of these other things that we have to look at in the land-use context. And none of those were speech cases, though. So there isn't really a case on point. You would ask us to make some sort of intersection of land-use and speech cases and say it's different. Well, I, again, point to Goutei and say that's a First Amendment case to a certain degree, you know. At Kahumanu, we said performing a wedding ceremony on a beach is a First Amendment activity, and you don't have to apply for a permit and be denied. You can just challenge it if you were — you were chilled and — Right. So that seems pretty far afield from pure speech. I guess the wedding ceremony involves speech, but it's essentially just a gathering, right? Sort of land-use of the beach. Well, that's not a land-use. A land-use is a persistent use, okay? A wedding — I think, like, a wedding party has a temporal element associated with it that you don't have with a billboard. A billboard is there permanently until it gets taken down or it falls down. And I think that's an important distinction, and it has an ongoing impact across the environment that it faces. And even if it doesn't face it, it has an impact. And that's different from a book. That's different from a leaflet. That's different from a newspaper rack, a Lakewood sort of scenario. And so, again, I think that this is an area in transition, and the courts are wrestling with that because it is a very interesting species. It's not very comparable. I'm not sure if you answered the question. I don't remember if it was Judge Smith or Judge Aikuda's, but why would Herson have been required to file a permit here? Wouldn't it have been futile? Well, A, we don't know if it would have been futile or not. Well, if the, if your regulation prohibits it, based on, and then the conversation with the employee, you don't think that was enough? When the employee testified, I think he said, if I didn't tell him, I would have told him. I think, I don't think that's enough. I think if you look at what the employee was doing, as in any planning department in any city across the nation, you know, employees talk to the applicant or the proposed applicant to give them help, to kind of give them an idea of where there might be landmines and where they have to, like, put thought into their application so they don't run up against a prohibition. That is much different than, say, the Sturgeon case where you have a federal law enforcement officer saying, look, don't use the hovercraft. If you do, I'm going to throw you in jail, or the Goutte case or the Madsen case. So you're saying it wouldn't have been futile?  I think, just, though, would it or wouldn't it have been? Well, I, you know, I have to base that on the complaint. And I don't know, because of the way that the complaint was framed with the non-commercial piece, you don't get to the non-commercial piece until you get the commercial piece. It's an 80-20 rule. So, and again, I want to say that that ordinance has been amended since that date. It was amended quite soon after this complaint was filed. So a lot of the issues that we see in the current complaint have been addressed. And so we'd make the argument that a lot of this, in addition, is moot. But I can't stand to you today and tell you whether it would be futile. When you're making that now, did you, was there anything? Yes, that's in the brief. It's on the last, I want to say, page 27. Can you wrap up, please? You're over time. Yes. Your Honors, I'm available for questions if you need anything. Thank you so much. Thank you. We'll give you a minute for rebuttal. Thank you, Judge Kuda. The Supreme Court has spoken about the intersection of First Amendment and land use that is represented by billboards, and that's the cases they're leading. Metro Media is one of the lead ones. This Court has spoken on it many times. Let me ask you a question which worries me. The fact that he didn't have the business license, whether I should even consider it in this case, is some worry to me. Why can I not take judicial notice of this? Judicial notice of whether or not he had the business license? Yeah. I cannot take judicial notice of facts presented for the first time on appeal generally. However, Reyna Rodriguez versus the United States says that I can't take judicial notice of a fact if it is not subject to reasonable dispute. You got right up and said he didn't have one. Nobody's disputing he had one. Seems to me Reyna is right on point. I can take judicial notice of the fact he didn't have one. That would be a legal argument concerning facts that were not before the trial court. That doesn't make any difference. The question is, is it subject to dispute? It is not. It is not. Okay, so then Reyna says I can't take judicial notice of that. If it's otherwise subject to judicial notice under the federal rules of evidence. But the- So you have no case that would say opposite of Reyna versus Rodriguez, which is our 2011 case? I'd be happy to submit supplemental briefing on that subject. Well, okay. Thank you. You're over time now. I am, and unless there are any questions, I thank the court very much. Thank you. All right, the case of Jeffrey Herson v. City of Reno is submitted.
judges: Ikuta, Smith, Murguia